IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JADA V. VISE     PLAINTIFF

V.     CIVIL ACTION NO. 3:19-cv-101-NBB-RP

MGM RESORTS MISSISSIPPI, LLC,
D/B/A GOLD STRIKE CASINO AND
RESORT AND JOAQUIN GARCIA     DEFENDANTS

## ORDER

This cause comes before the court upon the defendants' omnibus motion in limine. Upon due consideration of the motion, response, and applicable authority, the court finds as follows.

The plaintiff, Jada V. Vise, alleges that she was a regular guest at the defendant's casino property and was well known by many of the employees there. She brings this diversity action, *pro se*, against the casino and its employee or former employee, Joaquin Garcia, based on her allegations of numerous incidents of sexual harassment and assault by Garcia, which the casino failed to remedy despite her protests.

The defendants seek to exclude documentary and testimonial evidence to be proffered by the plaintiff's personal and business accountant, Georgianne Graves, CPA, because the plaintiff did not disclose Graves as an expert. The plaintiff states that she intends to offer Graves' testimony as a fact witness, not an expert witness. The court finds that this motion should be denied.

The defendants seek to exclude testimony regarding the plaintiff's lost wages or loss of earning capacity because such a claim was not made in the complaint. The plaintiff responds that she is seeking compensatory and actual damages, as stated in her complaint, and that these include loss of income. The motion will be denied at this time.

The defendants seek to exclude evidence of prior reports and complaints against Joaquin Garcia. The defendants correctly acknowledge, however, that, in a civil case involving a claim based on a party's alleged sexual assault, Fed. R. Evid. 415 permits the admission of evidence that the party committed prior acts of sexual assault. The court finds that the defendant's motion in limine should be denied at this time subject to objection at trial if it is determined that the prior incidents alleged against Garcia do not fall within the purview of the evidentiary rule.

The plaintiff does not contest the defendants' next motion in limine which seeks to exclude evidence of Garcia's alleged termination from prior employment for sexual assault. The motion will therefore be granted as unopposed.

The defendants seek to exclude evidence that they retaliated against the plaintiff by revoking her extensions of credit (or "cashing in her markers," in industry jargon). The court finds a contested issue of fact regarding this claim, and it is premature to rule in limine on this matter. If the plaintiff is unable to establish a basis for this claim at trial, the court will readdress the matter at that time. Presently, however, the motion is denied.

The plaintiff does not contest the defendants' motion to exclude the testimony of Jimi Mercer. The motion will be granted as unopposed.

The defendants next move to exclude text messages regarding the alleged incidents of sexual harassment, admitting, however, that such evidence is admissible under Fed. R. Evid. 801(d)(1)(B) regarding prior consistent statements, assuming the plaintiff can lay the proper foundation. The defendants also contest this evidence on hearsay grounds. The court will apply the Federal Rules of Evidence at trial, and this motion is unnecessary. It will therefore be denied.

Finally, the defendants seek to prevent the plaintiff from presenting her direct testimony in narrative form to the jury, which they anticipate she may do, as she is a *pro se* litigant in this matter. The defendants therefore move in limine for an order requiring the plaintiff to present her own testimony in question and answer format. The plaintiff responds that she has read and understands the Federal Rules of Evidence and does not plan to offer her direct testimony in narrative form. The motion is therefore granted as unopposed.

In accordance with the foregoing analysis, it is **ORDERED** that the defendants' omnibus motion in limine is **GRANTED in part and DENIED in part**.

This 31st day of March, 2022.

    /s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE